FILED
October 20, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CARLOS RAFAEL PUCHI CARMENATE, A#213 467 489,** § § § | |
| **Petitioner,** § § | |
| **v.** § § § | |
| **WILLIAM BARR, Attorney General; CHAD WOLF, Acting Secretary of DHS; DEBORAH ACHIM, ICE Field Office Director; REYNALDO CASTRO, Warden, South Texas ICE Processing Center,[1]** § § § § § § § § | **SA-20-CV-01050-OLG** |
| **Respondents.** § § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Carlos Rafael Puchi Carmenate's ("Puchi Carmenate") 28 U.S.C. § 2241 Petition for Writ of Habeas (ECF No. 1). When Puchi Carmenate filed his Petition, he neither paid the filing fee nor filed an application to proceed *in forma pauperis*. ("IFP"). Therefore, by Order dated September 9, 2020, Puchi Carmenate was ordered to either pay the filing fee or file a proper IFP application. (ECF No. 2). In the Order, the Court advised Puchi Carmenate that if he failed to file to comply with the Court's Order, his Complaint could be dismissed for want of prosecution. (*Id.*). Puchi Carmenate has neither paid the filing fee, filed an IFP application, nor otherwise responded to this Court's Order. (ECF No. 2).

---

[1] Petitioner Carlos Rafael Puchi Carmenate named a majority of Respondents only by title. However, Respondents are readily identifiable from sources whose accuracy cannot reasonably questioned. *See* FED. R. EVID. 201(b)(2). (stating court may judicially notice fact not subject to reasonable dispute if it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). Additionally, Petitioner Carlos Rafael Puchi Carmenate failed to name the facility in which Respondent Reynaldo Castro serves as warden. Finally, Chad Wolf is the "acting" DHS secretary. *See* https://www.dhs.gov/person/chad-f-wolf (last visited Oct. 20, 2020). Accordingly, the Clerk of Court is directed to change the style of the case to: (1) reflect the names and titles of Respondents as set out in the style of this Order; (2) include the name of the facility in which Respondent Castro serves as warden; and (3) reflect Respondent Wolf's status as "acting" secretary of DHS.

Additionally, when Puchi Carmenate filed his section 2241 Petition, he was confined in the South Texas ICE Processing Center. (ECF No. 1). On October 7, 2020, Respondents filed an advisory with the Court in which they state Puchi Carmenate was released from custody on September 15, 2020. (ECF No. 3). Attached to Respondent's advisory as Exhibit 1 is an "ORDER OF SUPERVISION" establishing Puchi Carmenate's release. (*Id.*, Exh. 1). Thus, Puchi Carmenate's address is no longer the South Texas ICE Processing Center.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—pro se or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By failing to pay the required filing fee or file an IFP application, Puchi Carmenate has failed to comply with this Courts September 9, 2020 Order. (ECF No. 2). Additionally, by not providing this Court with his current address, Puchi Carmenate has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore, failed to diligently prosecute this case as required. Accordingly, this case should be dismissed for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

Moreover, in her Petition, the only relief requested by Puchi Carmenate is that he be released and returned to Kentucky. (ECF No. 1). The "ORDER OF SUPERVISION" attached to Respondent's advisory returns Puchi Carmenate to Kentucky and permits him to be "at large" within the state of Kentucky pending further hearings. (ECF No. 3, Exh. 1). Because Puchi Carmenate has received the relief requested in his Petition, his claim for relief is moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (dismissing as moot inmate's claim for declaratory and injunctive relief when inmate had been transferred from offending facility).

**IT IS THEREFORE ORDERED** that Petitioner Carlos Rafael Puchi Carmenate's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and because his sole request for relief is moot.

**SIGNED** October  20th , 2020.

Orlando L. Garcia
**Chief United States District Judge**